**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEVEN MONTES,<br><br>             Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA; CITY OF TUCSON, *et al.*,<br><br>             Defendants. | No. CV-11-0267-TUC-CKJ<br><br>**ORDER** |

      Currently pending before the Court are Defendant Roberto Villasenor's Motion to Dismiss [Doc. 8]; Defendant Barbara LaWall's Motion to Dismiss [Doc. 48]; Plaintiff's Motion for Immediate Court Order of Protection [Doc. 53]; Defendant Wood Stock Builders Inc.'s Joinder in Motions to Dismiss [Doc. 56]; Defendants State of Arizona, Arizona Board of Podiatry Examiners, Janice K. Brewer, Terry L. Goddard, Thomas C. Horne, Barry Kaplan, Jan E. Kearney, Janet A. Napolitano, and Keith Stott, Jr.'s ("Arizona State Defendants") Motion to Dismiss [Doc. 59]; Plaintiff's Motion for Request for Additional Time Based on the Severity of Plaintiff's Medical Injuries Is Amended [Doc. 61]; Plaintiff's Motion to the Court Requesting a Federal Investigation Ammended [sic] [Doc. 62]; Plaintiff's Request for Preliminary Injuction [sic] [Doc. 69]; Plaintiff's Notice Alleging a Conflict of Interest [Doc. 70]; Plaintiff's Motion to Dismiss Defendant Tom Horne [Doc. 71]; and Plaintiff's Motion to Disqualify the Udall Law Firm and Motion for Sanctions [Doc. 87].

On July 15, 2011, this Court issued its Order providing Plaintiff notice of the requirements to withstand a motion to dismiss pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). Plaintiff has filed his response to Defendant Roberto Villasenor's Motion to Dismiss [Doc. 8] and Defendant Barbara LaWall's Motion to Dismiss [Doc. 48].

## I.    AMENDED COMPLAINTS

Plaintiff has filed several amended complaints in this cause of action. *See* Amended Compl. [Doc. 3]; Amended Compl. [Doc. 4]; Amended Compl. [Doc. 6]; Amended Compl. [Doc. 7]; Amendment to Compl. [Doc. 47]; Amended Compl. [Doc. 83]. Rule 15, Federal Rules of Civil Procedure, provides that "[a] party may amend its pleading *once* as a matter of course." Fed. R. Civ. P. 15 (emphasis added). A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint is waived if it is not raised in a second amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Rule 15(a)(2) instructs federal courts to "freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). This mandate is not without limits, however. "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *See also Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)..

A review of the docket sheet indicates that Plaintiff only served his Fourth Amended Complaint [Doc. 7] on Defendants. *See* Notices of Mailing [Docs. 10-45] (Plaintiff's Fourth Amended Complaint filed on June 16, 2011 and corresponding notices signed June 21,

2011). Additionally, the Fourth Amended Complaint [Doc. 7] was filed just prior to Defendant Villasenor's Motion to Dismiss [Doc. 8]. Defendants were not prejudiced by the pre-service amendments, and Plaintiff filed his first four amendments in a relatively short amount of time. Moreover, Plaintiff does not appear to have acted in bad faith. Accordingly, this Court will allow the first four amendments to Plaintiff's initial Complaint [Doc. 1] and treat Plaintiff's Fourth Amended Complaint [Doc. 7] as the current complaint in this cause of action.

Plaintiff, however, has not sought leave of this Court to file any subsequent Complaints. Additionally, Plaintiff's amendments subsequent to his Fourth Amended Complaint [Doc. 7] are not complete complaints but rather statements attempting to add additional legal theories or parties. *See* Amendment to Compl. [Doc. 47] (discussing the discovery rule); Amended Compl. [Doc. 83] (seeking addition of the Udall Law Firm). Local Rule 15.1, Rules of Practice of the United States District Court for the District of Arizona, directs that "[a] party who moves for leave to amend a pleading . . must attach a copy of the proposed amended pleading . . ., which must indicate in what respect it differs from the pleading which it amends . . . . The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits." LRCiv. 15.1. Plaintiff's proposed amendments fail to comply with this mandate. Furthermore, an amended pleading supersedes any previous pleadings. *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios*, 896 F.2d at 1546. In their current form, Plaintiff's fifth and sixth amended complaints fail to state any cognizable claim. Accordingly, the Court will deny leave to amend beyond Plaintiff's Fourth Amended Compl. [Doc. 7].

## II.     MOTIONS TO DISMISS

### A.     *Defendants' Motions*

Defendants Villasenor, LaWall and the Arizona State Defendants have all filed

motions to dismiss.[1]  Additionally, Defendant Wood Stock Builders has filed its joinder in Defendants Villasenor and LaWall's motions to dismiss.  All Defendants move for dismissal in light of Plaintiff's failure to comply with the tenets of Rule 8, Federal Rules of Civil Procedure.  Further, pursuant to Rule 12(b)(6), Fed. R. Civ. P., all Defendants seek dismissal of any potential § 1983, 42 U.S.C., claims based on Plaintiff's failure to state a claim upon which relief can be granted.  Defendant Villasenor also avers that any § 1983 claim against supervisory officials must fail.

Defendants Villasenor and LaWall both seek dismissal based on statute of limitations grounds, and the Arizona State Defendants assert their sovereign immunity.  Additionally, Defendants LaWall and the Arizona State Defendants point to Plaintiff's failure to properly file a Notice of Claim pursuant to Arizona law.  These Defendants further argue that dismissal is appropriate in light of Plaintiff's failure to properly serve his Fourth Amended Complaint.

B.     *Standard of Review*

Currently, this matter is before the Court on Defendants' motions to dismiss the complaint for failure to state a claim upon which relief can be granted.  A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1]Although the Court has not specifically directed Plaintiff to file a response to the Arizona State Defendants' Motion to Dismiss [Doc. 59], the issues raised are substantially similar to those addressed in Defendants Villasenor and LaWall's motions.  The Court further notes that Plaintiff has filed hundreds of pages of "supplementary material" in response to all motions.  To the extent that this Court is now screening Plaintiff's Fourth Amended Complaint, it will consider the Arizona State Defendants' motion at this time.  *See* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled for relief."); *Carrigan v. California State Legislature*, 263 F.2d 560, 565-66 (9th Cir. 1959) (determination of whether a litigant has exercised reasonable compliance with procedural rules lies within the discretion of the district court).

statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Federal Rules of Civil Procedure. "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id.* Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

C.     *Plaintiff's Fourth Amended Complaint*

Plaintiff's single-spaced Fourth Amended Complaint [Doc. 7] is neither short nor plain. The commingling of facts, claims and conclusory allegations does little to put Defendants on notice as to the nature and basis of the claims. Indeed, very little of the

- 5 -

hundreds of pages of documentation filed by Plaintiff in this matter enhances the clarity of his Complaint. As such, the Court will attempt to decipher what Plaintiff is actually alleging and the effect of Defendants' motions to dismiss on those claims.

### 1. Conspiracy to Force Plaintiff out of Business

Plaintiff alleges "that the defendant's [sic] had entered into a conspiracy together from 1974 to June of 2010 . . . to force the plaintiff out of business at the five different business locations that were in operation in and around the State of Arizona during this time." Pl.'s 4th Amended Compl. [Doc. 7] at 2. These businesses "were in operation . . . from 1989 to May of 1999 in the State of Arizona." *Id.* at 6.

To state a conspiracy claim to interfere with civil rights pursuant to 42 U.S.C. § 1985(3), "a plaintiff must allege []: (1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in the furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Further, "the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989)). In order "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.[2] *Olsen*, 363 F.3d at 930. An essential requirement for a § 1985(3) claim is that there

---

[2]Section 1983, 42 U.S.C., states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any

must be some racial or other class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), *quoting Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Plaintiff's Fourth Amended Complaint [Doc. 7] is devoid of any facts to support that Defendants conspired to violate his civil rights. In his response to Defendants' motions to dismiss, "Plaintiff asserts firmly that he was singled out, discriminated against because he is Mexican, and that plaintiff and his business both were a threat to the State of Arizona Board of Podiatry Examiners, the American Podiatric Association (APMA), and the Podiatrists Nationally." Pl.'s Answer to the 33 Day Submission of Defs.' Evid. Barbara LaWall, and City of Tucson Police Officer Robert Villasenor [Doc. 65] at 1. This conclusory allegation is unsupported by the record in this case.

---

Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983.

Section 1985(3), 42 U.S.C. provides:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3).

A conspiracy is "[a]n agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective[.]" *Black's Law Dictionary* (8th Ed. 2004). Plaintiff's Fourth Amended Complaint and response to Defendants' motions to dismiss do not demonstrate any material facts to show an agreement amongst any of the Defendants to violate his civil rights. *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989) (specific facts, not conclusory statements, demonstrating an agreement necessary to support a claim for conspiracy). As such, Plaintiff has failed to plead a claim for conspiracy to close his business.

"Generally, a district court should allow a plaintiff to amend the pleadings when a § 1985 claim is insufficiently plead." *Olsen*, 363 F.3d at 930. If, however, Plaintiff cannot cure the defects of his complaint, dismissal is appropriate. *Id.* For claims brought pursuant to 42 U.S.C. §§ 1983 and 1985, federal courts apply the statute of limitations period for personal injury actions of the state in which the claim arose. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citations omitted). Arizona law provides that personal injury actions "shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward[.]" A.R.S. § 12-542. Here, Plaintiff asserts that the last of his businesses was closed in 1999. Pl.'s 4th Amended Compl. [Doc. 7] at 6. Plaintiff initiated this cause of action on May 2, 2011, well beyond the two year statute of limitations. *See* Compl. [Doc. 1]. Accordingly, Plaintiff's conspiracy claims regarding the close of his businesses shall be dismissed without leave to amend.

## 2. Damage to DNA

"Plaintiff alleges that in the summer of 1974 is when plaintiff's troubles first began[.]" Pl.'s 4th A. Compl. [Doc. 7] at 3. While working for the City of Tucson Department of Parks and Recreation, Plaintiff allegedly suffered "overexposure to the pesticide Malathion chemical, Plaintiff alleges that he has sustained irreversible damage to his DNA that have caused his medical injuries." *Id.* "Plaintiff further alleges that as a result of this irreversible damage to his DNA, his two oldest daughter's [sic] have in fact sustained irreversible medical damage to their DNA[.]" *Id.*

- 8 -

To the extent that Plaintiff is alleging a personal injury claim for damages against the City of Tucson pursuant to 42 U.S.C. § 1983, any such claims are time-barred. *See discussion, supra*. Furthermore, the United States Supreme Court recognizes several doctrines which define the constitutional and prudential limitations on the federal courts' power to hear cases. *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Included among these are the concepts of standing, mootness, ripeness and political questions. *Id.* Prior to invoking the power of the federal court, it must be determined "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.*, 95 S.Ct. at 2205 (citations omitted). "The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party[.]" *Id.*; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1, 112 S.Ct. 2130, 2136 n.1, 119 L.Ed.2d 351 (1992) ("the injury must affect the plaintiff in a personal and individual way."). Plaintiff lacks standing to bring claims on behalf of his daughters. Accordingly, all Plaintiff's claims regarding damage to his DNA or damage to his daughters DNA shall be dismissed without leave to amend.

### 3. Conspiracy Regarding Wrongful Termination

Plaintiff alleges that he was wrongfully terminated from his job with Parks and Recreation for being a "whistleblower," and thereby claims a First Amendment violation pursuant to 42 U.S.C. § 1983. Pl.'s 4th Amended Compl. [Doc. 7] at 4. Plaintiff avers that he was in business from 1989 to 1999. *Id.* at 6. Accordingly, any action for wrongful termination accrued no later than 1989, and is now time-barred. Plaintiff's wrongful termination claims shall be dismissed without leave to amend.

### 4. Conspiracy Regarding Drinking Water

Plaintiff avers that some time during the 1990s he "learned that the different water samples being taken in and around the City of Tucson by the defendant's were falsified . .

. [and] that a conspiracy existed between the small local Water Testing facility[.]" Pl.'s 4th Amended Compl. [Doc. 7] at 4. Plaintiff's claims are wholly conclusory and unsupported by the record before this Court. Furthermore, it is unclear who Plaintiff alleges were members of the conspiracy. Finally, based upon statute of limitations grounds, any potential claims are time-barred. Plaintiff's conspiracy claims regarding drinking water shall be dismissed without leave to amend.

## 5. Slander Campaign Resulting in Privacy Violations

Plaintiff alleges that Defendants engaged in a "Slander Campaign" which resulted in "numerous U.S. Federal, State Privacy Laws, Privacy Acts, and violations of multiple Medical agency laws and Acts." Pl.'s 4th Amended Compl. [Doc. 7] at 5. "[A]s a result of the defendant's [sic] alleged illegal actions the defendant's [sic] are responsible for the closer [sic] of five different locations that were in operation during the [sic] from 1989 to May of 1999 in the State of Arizona." *Id.* at 6. Plaintiff states that Defendants opened mail at his "Medical Office" and disseminated personal information about his clients. Even if this were true, Plaintiff lacks standing to assert privacy violations on behalf of third parties. *See discussion, supra*. Moreover, any claims that Plaintiff personally suffered an invasion of privacy during the 1990s are time-barred. Plaintiff's claims regarding privacy violations shall be dismissed without leave to amend.

## 6. Illegal Information

Plaintiff alleges that he "engaged in the acts of selling information to the defendants for cash[.]" Pl.'s 4th Amended Compl. [Doc. 7] at 7. It appears that Plaintiff was at some point fired from his job as an informant. *Id.* Plaintiff then asserts that Defendants illegally obtained information, used the information to obtain a search warrant and someone was killed during the execution of the search warrant. *Id.* Plaintiff fails to provide any information about his relationship to the "victim." *See id.* Nor does he provide any information about how his rights were some how violated. *See id.* In the "supplemental" documentation that Plaintiff filed with this Court in opposition to the pending motions to dismiss, there is an "article" and a letter that appear to outline the factual basis for Plaintiff's

complaint regarding his time as an informant. *See* Pl.'s Answer to the 33 Day Submission of Defs.' Evid. Barbara LaWall, and City of Tucson Police Officer Robert Villasenor Suppl. Exh. "G" [Doc. 68] 68-2:84-99. From these, it appears that Plaintiff began as an informant in 1997 and alleges events through 2001. *Id.* As discussed previously, Plaintiff lacks standing to bring claims for which he was not personally injured. *See discussion, supra*. As such, to the extent he is alleging claims for an unnamed "victim" such claims are improper and shall be dismissed. Any claims arising from these events that caused injury to Plaintiff are time-barred. Accordingly, Plaintiff's claims regarding illegal information shall be dismissed without leave to amend.

### 7. Malicious Prosecution Martin Luther King Celebration

Plaintiff alleges that in the year 2000, "the MLK Director, together with several other Parks & Recreations [sic] Officials conspired with the defendant's [sic] to have the plaintiff arrested . . . for selling his art to the public without a permit." Pl.'s 4th Amended Compl. [Doc. 7] at 8. As an initial matter, these claims are time-barred. Furthermore, in order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Awabdy v. City of Adelanto* 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995)). In addition, he must establish that the prior criminal proceedings terminated in his favor. *Awadby*, 368 F.3d at 1068; *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006). Malicious prosecution actions are not limited to suits against prosecutors but may be brought against other persons who have wrongfully caused the charges to be filed. *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126-27 (9th Cir. 2002). Plaintiff states that he was ordered to pay a fine, which indicates that the criminal proceedings did *not* terminate in his favor. Accordingly, Plaintiff's claims for malicious prosecution arising from the Martin Luther King celebration are dismissed without leave to amend.

 . . .

## 8.  Land Use Code Infractions Against Plaintiff's Parents

Plaintiff alleges that "the defendant's [sic] in 2007 retaliated against the plaintiff's parents by serving them both with several Land Use Code Infractions throughout the years prior to the final incident that led to the plaintiff's parents being tried in Court[.]" Pl.'s 4th Amended Compl. [Doc. 7] at 9.  As discussed above, Plaintiff cannot assert claims on behalf of a third party.  *See discussion, supra*.  Plaintiff lacks standing to bring any claims on behalf of his parents, and any incidents that occurred in or before 2007 are time-barred. Accordingly, Plaintiff's claims regarding land use infractions against his parents are dismissed without leave to amend.

## 9.  2008 Land Use Code Infractions Against Plaintiff

To the extent that Plaintiff is alleging a malicious prosecution claim, against any of the Defendants, arising from a 2008 charge against him for land use violations, such claims are time-barred.  As discussed previously, a claim for malicious prosecution may be brought pursuant to 42 U.S.C. § 1983, which has a two-year statute of limitations.  Accordingly, Plaintiff's 2008 claims for malicious prosecution are dismissed without leave to amend.

## 10.  Solid Waste Conspiracy

Plaintiff alleges that in 2002, Defendant City of Tucson conspired to "cut back all of the City of Tucson's residential trash pick up[.]" Pl.'s 4th Amended Compl. [Doc. 7] at 11. Plaintiff alleges that the aim of this conspiracy is to increase revenues through "City Code Enforcement violations[.]" *Id.* at 12.  Plaintiff's claims are wholly conclusory without any factual basis.  Additionally, they fall beyond the two-year statute of limitations.  Accordingly, Plaintiff's claims regarding a solid waste conspiracy are dismissed without leave to amend.

## 11.  2010 Abatement

Plaintiff alleges claims arising from a May 3, 2010 appearance in Tucson City Court for abatement violations, and the execution of an abatement order issued at those proceedings on June 16-17, 2010.  *See* Pl.'s 4th Amended Compl. [Doc. 7] at 12; Pl.'s Answer to the 33 Day Submission of Defs.' Evid. Barbara LaWall, and City of Tucson Police Officer Robert Villasenor [Doc. 65] at 9-14.  Plaintiff alleges that the City of Tucson Defendants and

Defendant Wood Stock Builders discriminated against him based upon race. Pl.'s Answer to the 33 Day Submission of Defs.' Evid. Barbara LaWall, and City of Tucson Police Officer Robert Villasenor [Doc. 65] at 11-12.

### *a. Statute of Limitations*

"A statute of limitations under § 1983 . . . begins to run when the cause of action accrues, which is when the plaintiff[] know[s] or ha[s] reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). In the abatement context, this occurs when Plaintiff received notice of the initiation of the abatement action, not when the decision is carried out. *Id.* at 1058-59 (the abatement action "commenced" when the City Examiner's Office sent a letter advising appellants of "the commencement date and format of the administrative hearing."). A review of the Tucson Municipal Court docket indicates that the abatement case of which Plaintiff complains, Case Number M-1041-CO-10010361, was filed on January 27, 2010. Plaintiff avers that he was served with "Code infraction on [his] property by City of Tucson Neighborhood Services Code Enforcement inspector James Hurd" in November 2009. Pl.'s Suppl. to Notice of Tort Claim Filed Against the State of Arizona, City of Tucson and It's Constituents on May 2, 2011 [Doc. 5] at 10. The Court finds that Plaintiff's cause of action accrued in November 2009. *See RK Ventures, Inc.*, 307 F.3d at 1058-59. As such, dismissal of Plaintiff's § 1983 claims regarding the abatement proceedings on statute of limitations grounds is inappropriate at this time.

### *b. Supervisory Liability*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S.Ct. 598, 604-5, 607, 46 L.Ed.2d 561 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take

action to prevent further misconduct. *See Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987); *see also Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036-37, 56 L.Ed.2d 611 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. at 691-92, 98 S.Ct. at 2036-37; *Taylor*, 880 F.2d at 1045. Furthermore, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2037-38.

Plaintiff has not referred to any specific Defendant in the body of his Complaint. In his response to Defendants' motions to dismiss Plaintiff alleges that Defendant Roberto Villasenor failed to do his job and "restricted his Officers to investigate plaintiff's case of theft" in violation of Plaintiff's constitutional rights and resulting in his injuries. Pl.'s Answer to the 33 Day Submission of Defs.' Evid. Barbara LaWall, and City of Tucson Police Officer Robert Villasenor [Doc. 65] at 12-13. Plaintiff fails to demonstrate how Defendant Villasenor's actions, or the actions of any other named Defendant, caused his constitutional deprivation. Executing a City of Tucson court order for abatement is not in itself a civil rights violation. With regard to any federal claims, Plaintiff has failed to state a claim for which relief can be granted.

### c. Review of State Court Judgment

To the extent that Plaintiff is seeking this Court's review of the Abatement Order of the Tucson City Court, his claims must fail. The *Rooker-Feldman* Doctrine precludes a district court from reviewing state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983); *Exxon Mobil Corp. v.*

- 14 -

*Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005). Accordingly, this Court lacks jurisdiction to review the state court abatement proceedings, and Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff will not be granted leave to amend.

### *d.  Notice of Claim*

"Section 12-821.01(A) requires a person who has a claim against a [public entity or a public employee] to file the claim with [with the person authorized to accept service or the individual public employee] within 180 days 'afer the cause of action accrues.  Any claim not filed within that time 'is barred and no action may be maintained thereon.'" *Barth v. Cochise County, Arizona*, 213 Ariz. 59, 62, 138 P.3d 1186, 1189 (App. 2006), *citation omitted*.  This "requires that those persons asserting claims against pubic entities or public employees do so by *actually delivering* or ensuring that the actual delivery of the notice of claim to the appropriate person within the statutory period." *Lee v. State*, 215 Ariz. 540, 544, 161 P.3d 583, 587 (App. 2007).  This requirement "constitutes a 'procedural rather than a jurisdictional requirement[.]" *McGrath v. Scott*, 250 F.Supp.2d 1218 (D.Ariz. 2003).

Plaintiff did not timely serve a Notice of Claim on any individual public employees or entities.  *See Johnson v. Superior Court*, 158 Ariz. 507, 763 P.2d 1382 (App. 1988) (individual pubic employees are entitled to notice of claim; failure to provide individual notice may provide right of indemnity against attorney).  The "theft" alleged by Plaintiff occurred on June 16 and 17, 2010.  Therefore, a Notice of Claim pursuant to A.R.S. § 12-821.01(A) was required on or before December 14, 2010.  The record reflects that Plaintiff did not file a Notice of Claim until May 2, 2011, well beyond the 180 day limit.  As such, the state law claims against any Defendants acting in their official capacities are barred, and Plaintiff's claims shall be dismissed without leave to amend.

### *e. Conspiracy*

As stated, *supra*, a conspiracy is "[a]n agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective[.]" *Black's Law Dictionary* (8th Ed. 2004).  Plaintiff's Fourth Amended Complaint and response to

Defendants' motions to dismiss do not demonstrate any material facts to show an agreement amongst the City of Tucson Defendants and Defendant Wood Stock Builders to violate his civil rights. *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989) (specific facts, not conclusory statements, demonstrating an agreement necessary to support a claim for conspiracy). Executing a City of Tucson court order for abatement does not demonstrate evidence of a conspiracy. As such, Plaintiff has failed to plead a claim for conspiracy regarding the abatement proceedings.

### D. Conclusion

As the foregoing discussion demonstrates, Plaintiff's complaint is largely barred by the statute of limitations or otherwise fails to adequately plead a claim upon which relief can be granted. "Generally, a district court should allow a plaintiff to amend the pleadings when a § 1985 claim is insufficiently plead." *Olsen*, 363 F.3d at 930. If, however, Plaintiff cannot cure the defects of his complaint, dismissal is appropriate. *Id.* The Court has indicated those claims which are absolutely barred. The only potentially cognizable claims remaining are a §§ 1983 or 1985 claim arising from the abatement proceedings. As such, the Court will grant Plaintiff leave to amend his Complaint.

Within 30 days, Plaintiff may submit an amended complaint, naming the proper defendants. Plaintiff's amended complaint should clearly set out each claim Plaintiff is making. Plaintiff may not incorporate any part of the Fourth Amended Complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262.

## III. ADDITIONAL TIME

Plaintiff seeks additional time to respond to Defendants' motions to dismiss. Plaintiff has filed hundreds of pages of supplemental material which the Court has reviewed. As such,

Plaintiff's Motion for Request for Additional Time Based on the Severity of Plaintiff's Medical Injuries is Amended [Doc. 61] is denied as moot.

## IV.    FEDERAL INVESTIGATION

Plaintiff requests this Court to "conduct a Federal Investigation into recent criminal activities by the defendant's [sic] that are of a very concerning, and serious nature. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968). Moreover, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *See also, Flast v. Cohen*, 392 U.S. 83, 94-95, 88 S.Ct. 1942, 1949-50, 20 L.Ed.2d 947 (1968). It is beyond the purview of this Court to "conduct a Federal Investigation." Accordingly, Plaintiff's motion will be denied.

## V.    PRELIMINARY INJUNCTION

Plaintiff requests an Order of Protection "to limit the amount of damage still being executed by the defendant's, and to cause further injury to the plaintiff's Civil Rights[.]" Pl.'s Mot. for Immediate Ct. Order of Prot. [Doc. 53] at 2. Additionally, Plaintiff "moves for the District Court to grant a Preliminary Injunction, until the outcome of plaintiff's case." Pl.'s Request for Prelim. Inj. [Doc. 69] at 1. Plaintiff alleges that defendants are retaliating against him by continuing to cite him for code violations, apparently related to abatement issues. *Id.* at 2.

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and likely irreparable injury. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867, 138 L.Ed.2d 162 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); Fed. R. Civ. P. 65. To obtain a

preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L.Ed.2d 249 (2008); *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002) (recognizing that a party can establish irreparable harm by demonstrating the existence of a colorable First Amendment claim). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."). The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). There is also heightened scrutiny where the injunction would provide substantially all the relief the movant may recover after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955 (9th Cir. 2001).

Plaintiff's 4th Amended Complaint has been dismissed for failure to state a claim. As such, Plaintiff cannot meet his burden to demonstrate a likelihood of success on the merits. Accordingly, both Plaintiff's motion for a protective order and motion for preliminary injunction will be denied.

## VI. DISMISSAL OF TOM HORNE

Plaintiff moves to dismiss Defendant Tom Horne from this cause of action. Pl.'s

Amendment [Doc. 71] at 1. In light of the Court's Order dismissing Plaintiff's Complaint in its entirety, Plaintiff's motion to dismiss is now moot. Plaintiff will have the opportunity to remove Defendant Horne from the caption of any amended complaint.

## VII.   DISQUALIFICATION OF UDALL LAW FIRM

Plaintiff asserts that he "contacted the Udall Law Firm" and "gave intimate details of his case." Pl.'s Notice Alleging a Conflict of Interest [Doc. 70] at 1-2. Counsel for Defendant Wood Stock Builders, Inc. and its employees avers that Plaintiff did not speak to a paralegal or attorney at the Udall Law Firm, and that the Udall Law Firm "has no knowledge of Mr. Montes' claims aside from the knowledge gleaned from Mr. Montes [sic] extensive filings in this case." Def. Wood Stock Builders Inc.'s Opp. to Pl.'s Mot. to Disqualify Udall Law Firm [Doc. 81] at ¶ 5. Counsel for Defendant Wood Stock Builders, Inc. is certainly aware of his ethical obligations under the Arizona Rules of Professional Conduct and Rule 11, Federal Rules of Civil Procedure. The comment to ER 1.9, Arizona Rules of Professional Conduct, states that "[t]he underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." Based on the record before this Court, it does not appear that the Udall Law Firm involved itself with Plaintiff to any such degree. The Court will deny Plaintiff's Motion for Disqualification [Doc. 70] and Motion to Disqualify the Udall Law Firm and Motion for Sanctions [Doc. 87] without prejudice.

## VIII.  WARNINGS

### A.     *Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . .

*B.* *Copies*

Plaintiff must submit an additional copy of every original motion or other document filed for use by the District Judge to whom the case is assigned. *See* LRCiv 5.4. Failure to comply with this requirement may result in the motion or document being stricken without further notice to Petitioner.

*C.* *Possible Dismissal*

Plaintiff is warned that if he fails to timely comply with every provision of this Order, including these warnings, this action will be dismissed without further notice. *See Ferdik*, 963 F.2d at 1260-61 (district court may dismiss action for failure to comply with any order of the Court).

Accordingly, IT IS HEREBY ORDERED that

1)      Defendant Roberto Villasenor's Motion to Dismiss [Doc. 8] is GRANTED;

2)      Defendant Barbara LaWall's Motion to Dismiss [Doc. 48] is GRANTED;

3)      Plaintiff's Motion for Immediate Court Order of Protection [Doc. 53] is DENIED;

4)      Defendant Wood Stock Builders Inc.'s Joinder in Motions to Dismiss [Doc. 56] is GRANTED;

5)      Arizona State Defendants' Motion to Dismiss [Doc. 59] is GRANTED;

6)      Plaintiff's Motion for Request for Additional Time Based on the Severity of Plaintiff's Medical Injuries Is Amended [Doc. 61] is DENIED AS MOOT;

7)      Plaintiff's Motion to the Court Requesting a Federal Investigation Ammended [sic] [Doc. 62] is DENIED;

8)      Plaintiff's Request for Preliminary Injuction [sic] [Doc. 69] is DENIED;

9)      Plaintiff's Notice Alleging a Conflict of Interest [Doc. 70] is DENIED WITHOUT PREJUDICE;

10)     Plaintiff's Motion to Dismiss Defendant Tom Horne [Doc. 71] is DENIED AS MOOT;

11) Plaintiff's Motion to Disqualify the Udall Law Firm and Motion for Sanctions [Doc. 87] is DENIED WITHOUT PREJUDICE;

12) Plaintiff's Fourth Amended Complaint [Doc. 7] is DISMISSED WITH LEAVE TO AMEND. Petitioner has **thirty (30) days** from the date of filing of this Order to file an amended complaint in compliance with this Order; and

13) If Plaintiff fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Plaintiff.

DATED this 8th day of February, 2012.

Cindy K. Jorgenson
United States District Judge