**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STEVEN MONTES, | ) | No. CV-11-0267-TUC-CKJ |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| STATE OF ARIZONA; CITY OF TUCSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On May 3, 2012, Plaintiff filed his *pro se* [Fifth Amended] Complaint [Doc. 93]. On May 11, 2012, Defendants Pima County and Pima County Attorney Barbara LaWall filed their Motion to Dismiss Amended Complaint by Pima County and Pima County Attorney Barbara LaWall [Doc. 94].[1] On May 16, 2012 Plaintiff filed what the Court has construed as a Motion for Recusal [Doc. 95]. On May 22, 2012, Defendant Wood Stock Builders Inc. filed its Joinder in Motion to Dismiss and Motion to Dismiss [Doc. 98] and the City of Tucson Defendants filed their Motion to Dismiss Complaint [Doc. 99]. On May 23, 2012, the Arizona State Defendants filed their Motion to Dismiss State Defendants Named in Fifth Amended Complaint Filed May 4, 2012 [Doc. 100]. The Court will screen Plaintiff's [Fifth Amended] Complaint [Doc. 93] and rule on the pending motions at this time.

---

[1] The Court notes that Defendant Pima County urges that Barbara LaWall is not a proper party to this lawsuit because Plaintiff failed to name her in the case caption, and her name does not appear anywhere in the body of the complaint.

## I. FACTUAL BACKGROUND

On February 29, 2012, this Court issued its Order [Doc. 88] screening Plaintiff's Fourth Amended Complaint [Doc. 7]. This Order [Doc. 88] also disposed of several pending motions to dismiss and other motions for miscellaneous relief. The Court dismissed Plaintiff's Fourth Amended Complaint [Doc. 7] and allowed Plaintiff thirty (30) days to file a Fifth Amended Complaint. *See* Order 2/29/2012 [Doc. 88]. Additionally, the Court stated that "[t]he only potentially cognizable claims remaining are a §§ 1983 or 1985 claim arising from the abatement proceedings." *Id.* At 16. After two (2) extensions of time, Plaintiff filed his seventy-four (74) page [Fifth Amended] Complaint [Doc. 93].

## II. MOTION FOR RECUSAL

On May 16, 2012, Plaintiff filed a "Complaint" that states that it is in response to Document 94 in the above captioned case.[2] *See* Motion for Recusal [Doc. 95]. The Court has construed this document as a motion for recusal in light of the language contained therein. Plaintiff states that "[b]ecause of the family politics that exists [sic] in my family out of respect for President Bush Senior, I am not allowed to request that Judge Jorgenson Recuse [sic] herself from my case." *Id.* at 9. The majority of the motion, however, delineates the "several reasons [Judge Cindy K. Jorgenson has] for stepping down from the hearing of facts in my case." *Id.* at 3. Plaintiff avers that the Court "has chosen not to [step down] in order to protect the defendant's [sic] while 'Working Under Color of Federal Law' and in her own capacity to cause more damage to my case, and to allow the defendants further retaliation against me." *Id.*

Section 455, Title 28, of the United States Code delineates grounds requiring a judge's recusal. That section states in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might

---

[2]It appears that Plaintiff's "Complaint" was addressed to the "Judicial Council of the 9th Circuit" which forms the basis for Plaintiff's motion for recusal.

- 2 -

reasonably be questioned.

    (b)    He shall also disqualify himself in the following circumstances:

        (1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

        (2)    Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

        (3)    Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

        (4)    He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

        (5)    He or his spouse or a person within the third degree of relationship to either of them, or the spouse of such a person:

            (I)    Is a party to the proceeding, or an officer, director, or trustee of a party;

            (ii)    Is acting as a lawyer in the proceeding;

            (iii)    Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

            (iv)    Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b). None of the aforementioned reasons are applicable in this case. "The standard for recusal under 28 U.S.C. [§ 455] is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

Additionally, Section 455(a) "is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or

1 statements made by the judge during the course of [litigation]." *Id.* at 914; *Clemens v. U.S.*
2 *Dist. Ct. for the Cental Dist. of Cal.*, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (citing *Nichols*
3 *v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "Almost invariably, [court rulings] are proper
4 grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct.
5 1147, 1157, 127 L.Ed.2d 474 (1994). Moreover, "a judge has 'as strong a duty to sit when
6 there is no legitimate reason to recuse as he does to recuse when the law and facts require.'"
7 *Clemens*, 428 F.3d at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).
8 Indeed, it is well established law that absent a legitimate reason for recusal, a judge has a
9 duty to hear the cases assigned. *U.S. v. Holland*, 519 F.3d 909 (9th Cir. 2008) (judicial oath
10 obligates judges to perform duties faithfully and impartially in the administration of justice).

11 Plaintiff's motion is devoid of any evidence of actual bias or other facts suggesting
12 that recusal is appropriate. He complains that the Court's failure to grant him additional time
13 "to turn in all of the evidence I had on both of the named defendants above . . . [prevented
14 this Court from making] an honest assessment of evidence as to whether or not to dismiss the
15 defendants from [his] case." Def.'s Mot. for Recusal [Doc. 95] at 2. On December 15, 2011,
16 Plaintiff filed hundreds of pages of exhibits with the Court. *See* Docs. 74-80. These were
17 filed well after the initial deadline for a response to Defendants' motions to dismiss, and were
18 all considered by this Court in its February 29, 2012 Order [Doc. 88]. There being no basis
19 for disqualification or recusal, Plaintiff's Motion for Recusal [Doc. 95] is denied.

20

21 **III.    FIFTH AMENDED COMPLAINT**

22 On May 3, 2012, Plaintiff filed his *pro se* [Fifth Amended] Complaint [Doc. 93]. As
23 an initial matter, seventy-four pages hardly qualifies as a "short and plain statement of the
24 claim showing that the pleader is entitled to relief" as required by Rule 8, Federal Rules of
25 Civil Procedure. The Court will screen the Complaint and dismiss it for the reasons that
26 follow.

27        *A.    Motion for Reconsideration*
28        Plaintiff, in his initial paragraphs, takes umbrage with the standard of review utilized

- 4 -

by this Court in screening his Fourth Amended Complaint [Doc. 7] and ruling on the motions to dismiss. *See* Pl.'s [Fifth Amended] Compl. [Doc. 93] ¶¶ 1-8. The Court will construe these paragraphs as a motion for reconsideration.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g). Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Plaintiff has failed to provide any legal authority or new facts to support a motion for reconsideration. Accordingly, such motion is denied.

### B. *Appointment of Counsel*

Plaintiff avers that he has a right to counsel in this civil action. Pl.'s [Fifth Amended] Compl. [Doc. 93] at ¶ 16. This is an inaccurate statement of the law; however, the Court construes Plaintiff's statements as a request for counsel. The Court may request an attorney to represent a person proceeding in forma pauperis who is unable to employ counsel. 28 U.S.C. § 1915(e). The Court does not have the power to make a mandatory appointment of counsel, but allows the Court to request assistance from volunteer counsel. *Id.*; *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986). In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the

1  ability of the [plaintiff] to articulate [his] claims pro se in light of the complexity of the legal
2  issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988), quoting *Weygandt*
3  *v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Rand v. Rowland*, 113 F.3d 1520, 1525
4  (9th Cir. 1997) (court may ask counsel to represent indigent litigant under § 1915 only in
5  "exceptional circumstances").

6  Plaintiff points to his mental disabilities as grounds requiring appointment of counsel.
7  There is no evidence before this Court to suggest the presence of "exceptional
8  circumstances" warranting appointment of counsel.  Plaintiff has not provided any further
9  information to support a finding of a likelihood of success.  As such, Plaintiff cannot show
10 a likelihood of success, only a dispute.  Moreover, the Court finds that Plaintiff's difficulty
11 in presenting his claims *pro se* is not based on the complexity of the legal issues involved but
12 rather on the general difficulty of litigating *pro se.  See generally Wilborn v. Escalderon*, 789
13 F.2d 1328 (9th Cir. 1986).  As such, the Court will not appoint counsel.

14     *C.*    *Complaint*

15 Plaintiff's [Fifth Amended] Complaint [Doc. 93] largely reiterates a more detailed
16 factual basis for claims dismissed by this Court *without* leave to amend.  Order 2/29/12 [Doc.
17 88].  The Court declines the invitation to repeat all of the reasons that these claims fail.

18     <u>1. §§ 1983 and 1985 Claims</u>

19 Regarding the §§ 1983 and 1985 claims Plaintiff alleges arising from the abatement
20 proceedings, Plaintiff has failed to state a cognizable cause of action.  To state a claim under
21 § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains
22 was committed by a person acting under the color of state law and (2) the conduct deprived
23 him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th
24 Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he
25 suffered a specific injury as a result of the conduct of a particular defendant and he must
26 allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v.*
27 *Goode*, 423 U.S. 362, 371-72, 377 (1976).

28 Further, to state a claim, "[a] plaintiff must allege facts, not simply conclusions, that

show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff admits that "Woodstock Builders was [sic] had a signed Court Order by City Court Judge Leavitt to Abate [sic] plaintiff's property located at 5401 E. 30th Street, Tucson, Arizona 85711[.]" Pl.'s [Fifth Amended] Compl. [Doc. 93] at ¶ 218. Despite this, Plaintiff continues to contend that Woodstock Builders "entered plaintiff's property illegally and without the owner's consent began stealing all of plaintiff [sic] valuables." *Id.* Plaintiff does not specify any individuals that violated his civil rights, nor does he demonstrate how he was deprived of a constitutional right. Plaintiff's [Fifth Amended] Complaint [Doc. 93] is devoid of any factual basis to support a cause of action pursuant to § 1983.

Further, as this Court has stated previously, to state a conspiracy claim to interfere with civil rights pursuant to 42 U.S.C. § 1985(3), "a plaintiff must allege []: (1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in the furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Further, "the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Board of*

1  *Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. County of King*, 883 F.2d 819,
2  821 (9th Cir. 1989)). In order "to state a claim for conspiracy under § 1985, a plaintiff must
3  first have a cognizable claim under § 1983. *Olsen*, 363 F.3d at 930. An essential
4  requirement for a § 1985(3) claim is that there must be some racial or other class-based
5  "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health*
6  *Clinic*, 506 U.S. 263, 268-69, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), *quoting Griffin v.*
7  *Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Because Plaintiff
8  does not have a cognizable claim pursuant to § 1983, and there is no evidence of racial or
9  other class-based animus, his § 1985 conspiracy claim must fail. Accordingly, Plaintiff has
10 failed to state a claim upon which relief can be granted.

11              2. Review of State Court Judgment

12     Plaintiff continues to seek review of thE June 3, 2011 abatement order issued by the
13 Tucson City Court. Pl.'s [Fifth Amended] Compl. [Doc. 93] at ¶ 235. As this Court
14 previously stated, the *Rooker-Feldman* Doctrine precludes a district court from reviewing
15 state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150,
16 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483,
17 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries*
18 *Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005). Accordingly, this Court
19 lacks jurisdiction to review the state court abatement order.

20              3. Conclusion

21     The Court finds that Plaintiff's [Fifth Amended] Complaint [Doc. 93] fails to state a
22 claim upon which relief can be granted. Accordingly, the Court will dismiss this matter.

23

24 **IV.   MOTIONS TO DISMISS**

25     In light of the foregoing, Defendants Pima County and Barbara LaWall's Motion to
26 Dismiss Amended Complaint by Pima County and Pima County Attorney Barbara LaWall
27 [Doc. 94] and Defendant Wood Stock Builders Inc. filed its Joinder in Motion to Dismiss and
28 Motion to Dismiss [Doc. 98].are denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Recusal [Doc. 95] is DENIED.

2. Plaintiff's [Fifth Amended] Complaint [Doc.93] is DISMISSED.

3. Defendants Pima County and Barbara LaWall's Motion to Dismiss Amended Complaint by Pima County and Pima County Attorney Barbara LaWall [Doc. 94] is DENIED AS MOOT.

4. Defendant Wood Stock Builders Inc. filed its Joinder in Motion to Dismiss and Motion to Dismiss [Doc. 98] is DENIED AS MOOT.

5. The City of Tucson Defendants [sic] Motion to Dismiss Complaint [Doc. 99] is DENIED AS MOOT.

6. The Arizona State Defendants filed their Motion to Dismiss State Defendants Named in Fifth Amended Complaint Filed May 4, 2012 [Doc. 100] is DENIED AS MOOT.

7. The Clerk of the Court shall close its file in this matter.

DATED this 5th day of June, 2012.

Cindy K. Jorgenson
United States District Judge