**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| STEVEN MONTES,            )<br>                           )<br>        Plaintiff,          )<br>                           )<br>vs.                        )<br>                           )<br>STATE OF ARIZONA; CITY OF  )<br>TUCSON, *et al.*,          )<br>                           )<br>        Defendants.        )<br>_____) | No. CV-11-0267-TUC-CKJ<br><br>**ORDER** |

On June 5, 2012, Plaintiff filed his *pro se* Motion to Amend Complaint [Doc. 103]. On June 20, 2012, Plaintiff filed a Notice of Conflict of Interest [Doc. 104].

### I.    FACTUAL BACKGROUND

On June 5, 2012, this Court issued its Order [Doc. 101] screening and dismissing Plaintiff's [Fifth Amended] Complaint [Doc. 93]. Plaintiff filed yet another motion to amend his Complaint on the same date.[1]

### II.   SIXTH AMENDED COMPLAINT

To the extent that Plaintiff's Sixth Amended Complaint may be deemed a motion for

---

[1] Plaintiff's Motion to Amend Complaint [Doc. 103] appears to be a Sixth Amended Complaint.

1 reconsideration, the Court will deny the motion.

2 As this Court has previously stated, "[t]he Court will ordinarily deny a motion for
3 reconsideration of an Order absent a showing of manifest error or a showing of new facts or
4 legal authority that could not have been brought to its attention earlier with reasonable
5 diligence." LRCiv. 7.2(g). Federal Rule of Civil Procedure 60(b) provides for
6 reconsideration where one or more of the following is shown: (1) mistake, inadvertence,
7 surprise or excusable neglect; (2) newly discovered evidence which by due diligence could
8 not have been discovered before the court's decision; (3) fraud by the adverse party; (4)
9 voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying
10 relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d
11 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying
12 relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is
13 wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film*
14 *Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Mere disagreement with a
15 previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*,
16 689 F. Supp. 1572, 1573 (D. Haw. 1988). Plaintiff has failed to provide any legal authority
17 or new facts to support a motion for reconsideration. Accordingly, such motion is denied.

18 "The power to grant leave to amend, however, is entrusted to the discretion of the
19 district court, which 'determines the propriety of a motion to amend by ascertaining the
20 presence of any of four factors: bad faith, undue delay, prejudice to the opposing party,
21 and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010); *See also Foman v.*
22 *Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Zucco Partners, LLC v.*
23 *Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Local Rule 15.1, Rules of Practice of
24 the United States District Court for the District of Arizona, directs that "[a] party who moves
25 for leave to amend a pleading . . must attach a copy of the proposed amended pleading . . .,
26 which must indicate in what respect it differs from the pleading which it amends . . . . The
27 proposed amended pleading is not to incorporate by reference any part of the preceding
28 pleading, including exhibits." LRCiv. 15.1. As an initial matter, Plaintiff's proposed

1 amendments fail to comply with this mandate.

2 The remainder of Plaintiff's Sixth Amended Complaint [Doc. 103] largely reiterates
3 claims previously dismissed by this Court *without* leave to amend.  *See* Order 2/29/12 [Doc.
4 88]; Order 6/5/12 [Doc. 101].  The Court again declines the invitation to repeat all of the
5 reasons that these claims fail.  Moreover, any "new" claims are wholly conclusory and
6 without any factual basis. "Threadbare recitals of the elements of a cause of action, supported
7 by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129
8 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations omitted).  "Nor does a complaint suffice
9 if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations
10 omitted) (alterations in original).  Plaintiff's latest Complaint is deficient and as such the
11 Court finds his attempt to amend futile.

12 Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend [Doc.
13 103] is DENIED.  This matter shall remained CLOSED.

14 DATED this 27th day of June, 2012.

_____
Cindy K. Jorgenson
United States District Judge