**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

STEVEN MONTES,           )   No. CV-11-0267-TUC-CKJ
                         )
         Plaintiff,      )
                         )   **ORDER**
vs.                      )
                         )
STATE OF ARIZONA; CITY OF)
TUCSON, *et al.*,        )
                         )
         Defendants.     )
                         )

On June 29, 2012, Plaintiff filed his *pro se* Preliminary Injunction Number CIV-11-00267-CKJ to Vacate Judgement [sic] and Court Order in Document Numbers: 101 and 102 Filed on June 5, 2012 [Doc. 106], Motion to Reopen Case Number: CIV-11-00267-CKJ and Vacate Judgement [sic] and Court Order in Document Numbers: 101 and 102 Filed on June 5, 2012 [Doc. 107], and Notice of Appeal [Doc. 108].  On July 5, 2012, Plaintiff filed his *pro se* Appellate brief [Doc. 111].

**I.    FACTUAL BACKGROUND**

On June 5, 2012, this Court issued its Order [Doc. 101] screening and dismissing Plaintiff's [Fifth Amended] Complaint [Doc. 93].  On June 28, 2012, this Court issued its Order [Doc. 105] denying Plaintiff's motion for reconsideration regarding the Court's June 5, 2012 Order [Doc. 101] and his motion to amend his Complaint for a sixth time.

## II.     PRELIMINARY INJUNCTION

Plaintiff appears to seek a preliminary injunction against entry of this Court's June 5, 2012 Judgment [Doc. 102] dismissing this cause of action.  A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and likely irreparable injury. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867, 138 L.Ed.2d 162 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995); Fed. R. Civ. P. 65.  To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L.Ed.2d 249 (2008).  The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Additionally, the function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988).  As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."). The Ninth Circuit Court of Appeals has held that this type of mandatory injunctive relief is disfavored, and should be denied unless the facts and law clearly favor the movant. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979).

Plaintiff has failed to meet his burden to show that a preliminary injunction is warranted in this circumstance. After reviewing and considering Plaintiff's several attempts at filing a Complaint which stated a cognizable claim, this Court has dismissed Plaintiff's case because of his failure to allege a cause of action.  Plaintiff has filed his Notice of Appeal [Doc. 108] and now seeks relief from the Ninth Circuit Court of Appeals.  Continuing to

1 litigate this closed case is prejudicial to the defendants, a waste of judicial resources, and as
2 such not in the public interest. Accordingly, Plaintiff's motion for preliminary injunction is
3 denied.

## III. RELIEF FROM JUDGMENT

Plaintiff seeks reconsideration of this Court's June 5, 2012 Order [Doc. 101]. Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff alleges no newly discovered evidence, no mistake or surprise, and no fraud by the adverse party. Plaintiff does not provide any other reason justifying relief. The motion for reconsideration is not based on an intervening change in controlling law, nor does it offer any new argument as to how his Fifth or Sixth Amended Complaints sufficiently state a claim. Plaintiff submitted hundreds of pages of exhibits in opposition to motions to dismiss and in support of his Complaints generally. Despite Plaintiff's displeasure with this Court's "refusal" to extend his time to respond to Defendants' motions to dismiss, the Court did review and consider the hundreds of pages of supplemental documents filed by Plaintiff *after*

his responses were due. In short, Plaintiff has not presented any additional information to warrant reconsideration of the Court's previous order. *See AcandS, Inc.*, 5 F.3d at 1263. Finally, the Court notes that Plaintiff was given ample opportunity to file a sufficient Complaint, yet failed to do so. The Court finds reconsideration is not appropriate, and the motion will be denied.

## IV.   APPELLATE BRIEF

The Court reminds Plaintiff that this it does not have jurisdiction over his appeal. "As a general rule, '[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam)). Accordingly, the Court finds Plaintiff's appellate brief improvidently filed with this Court and directs Plaintiff to the Ninth Circuit Court of Appeals.

Accordingly, IT IS HEREBY ORDERED that:

1)   Plaintiff's Preliminary Injunction Number CIV-11-00267-CKJ to Vacate Judgement [sic] and Court Order in Document Numbers: 101 and 102 Filed on June 5, 2012 [Doc. 106] is DENIED;

2)   Plaintiff's Motion to Reopen Case Number: CIV-11-00267-CKJ and Vacate Judgement [sic] and Court Order in Document Numbers: 101 and 102 Filed on June 5, 2012 [Doc. 107] is DENIED; and

3)   This matter is to remain closed.

DATED this 11th day of July, 2012.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -